UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21119-ALTMAN

**DAMIEN THORNTON**,

    *Plaintiff*,

v.

**CAROLL FULMER LOGISTICS**,

    *Defendant*.

_____/

## **ORDER**

Our *pro se* Plaintiff, Damien Thornton, has sued Caroll Fulmer Logistics. *See generally* Complaint [ECF No. 1]. Unfortunately, we can't really say what his suit is about. As best as we can tell, Thornton appears to allege a conspiracy led by the Defendant, in which the Defendant has tortured Thornton in innumerable and creative ways. Here's just a few. The Defendant (Thornton alleges) has orchestrated a plan to "keep [Thornton] from water," from "eating healthy," and to "make it hard for him to reach the bathroom." Compl. ¶ 75. The Defendant has also allegedly "paid someone to cut holes" in Thornton's pocket, to "install[ ] lice that bite" him, and to "plant[ ]" a spider that "will become very territorial and aggressive due to the lice[.]" *Id.* ¶ 62.[1] His 61-page Complaint is replete with hastily-photocopied criminal and medical records, block paragraphs of word salad, and pictures. It's often unclear where the text of his Complaint ends and where his exhibits begin.[2]

---

[1] Throughout his Complaint, Thornton employs a liberal use of bolded and all-caps text, which we've removed when quoting him here.

[2] This is all going to be somewhat confusing, so we'll try to clear it up now. Thornton's Complaint contains over sixty jumbled-together pages—without dividers or, often, page numbers—and includes pages of word salad (which we presume to be the text of Thornton's Complaint), unlabeled and unreadable medical records (the pages are cut off and the word "void" is stamped across them), a picture of the silhouette of an insect (with no explanation), criminal records, and copy of a check—to name just a few. *See generally* Compl. Since it's so hard to pinpoint precisely where these things are all located, we'll cite generally to Thornton's "Complaint" whenever we mention this docket entry.

Because the Complaint is plainly a shotgun pleading, we hereby **STRIKE** it and order Thornton to **REPLEAD** his case properly.

## THE LAW

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up). And "[a]lthough we liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015).

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," *Vibe Micro, Inc. v. Shabnets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018), which share the following two characteristics: *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro,* 878 F.3d at 1295 (cleaned up)).

## ANALYSIS

The Complaint is a shotgun pleading in two of the ways the Eleventh Circuit has described in *Embree*. *First*, Thornton "fails to separate into a different count each cause of action," *Embree*, 779 F. App'x at 662, leaving the Defendant (and us) to guess at what he's actually asserting.[3] In fact, Thornton doesn't separate out his claims into any counts at all. *See generally* Compl. His entire Complaint is made up of jumbled run-on sentences, incomprehensible sentence fragments, and (at times) paragraphs that inscrutably include just a single word.[4] *See id.* ¶ 46 (setting out the word "bribery" alone and without explanation); *id.* ¶ 50 (setting out the word "tra[u]matized" alone and without explanation). None of these paragraphs make any sense or appear to be connected to one another. Here are just a few examples:

---

[3] Some of Thornton's claims also appear to involve violations of criminal statutes that don't create a private right of action. *See, e.g.*, Compl. at 16 (invoking, for instance, 18 U.S.C § 1361 (destruction of government property) and 18 U.S.C § 371 (general conspiracy)); *cf. Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) ("[T]his Court has concluded that criminal statutes do not provide for private civil causes of action.").

[4] Sometimes, Thornton separates these by numbered "paragraphs" (if they can be called that). *See, e.g.*, Compl. at 8 ¶ 75. Other times, there's absolutely no organization at all. *See, e.g., id.* at 16.

- "FS 787.07 1 Falsely using federal and state laws conducting a conspiracy to have the Plaintiff falsely accused and arrested using drug dealers."

- "FS 456.7(7), Privacy Act of 1974 . . ."

- "Hack illegally planting false evidence 817.49 false accusations."

*See id.* ¶¶ 31, 43, 52 (errors in original). In other words, it's impossible to tell what Thornton's separate counts are.

*Second*, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662.[5] For example, Thornton alleges that "Hack there is no will (but there is credit card fraud) any will shall be marked as fraud and voided." Compl. ¶ 49 (errors in original). What he means by this is anyone's guess. Later, he says that "[c]alibration with or funding terrorism will not be tolerated in the United States of America." *Id.* ¶ 51

---

[5] Thornton isn't proceeding *in forma pauperis* ("IFP"), so we can't dismiss his Complaint as "frivolous" under the IFP statute. 28 U.S.C. § 1915(e)(2)(B)(i); *see also* Filing Fee Receipt [ECF No. 7] (noting that Thornton's "$405.00" filing fee has been paid). But we'd be remiss not to note that at least some of Thornton's claims appear to be frivolous. "A claim is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (first quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); and then citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). And at least some of Thornton's many allegations appear to be "clearly baseless, fanciful, fantastic, [and] delusional," lacking "any arguable basis in either law or fact[.]" *Atraqchi v. United States*, 2021 WL 4806405, at *1 (11th Cir. Oct. 15, 2021). Thornton alleges, for instance, that the Defendant "paid someone to cut holes" in his pocket, "install[ ] lice that bite" him, and "plant[ ]" a spider that "will become very territorial and aggressive due to the lice[.]" Compl. ¶ 62.
  Nor does Thornton allege any facts to support his "naked assertions of a conspiracy[.]" *Williams, Scott & Assocs. LLC v. Yates*, 842 F. App'x 539, 540 (11th Cir. 2021); *see also ibid.* ("Williams's naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject."). At one point, he identifies a "general conspiracy" of "cellular manipulation," in which "every [ ] time he turns around someone is standing behind him watching him put his password [into his phone]." Compl. at 16. At another, he alleges "criminal DNA manipulation," without any explanation at all. *Ibid.* And his mess of exhibits certainly doesn't provide any "sufficient supporting factual allegations[.]" *Williams, Scott & Assocs. LLC*, 842 F. App'x at 540. Thornton's indecipherable exhibits, in sum, don't give the Defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555.

(errors in original). Even when we construe these portions of the Complaint liberally, we're not sure how these allegations interact with Thornton's claims.

For these reasons, Thornton's Complaint is a textbook shotgun pleading and must be stricken. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("Shotgun pleadings are unacceptable for many reasons[.]"). Thornton must fix the deficiencies we've identified in this Order. If he fails to do so, we'll dismiss his case *with* prejudice. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (noting, in the context of a *pro se* lawsuit, that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least *one chance* to amend the complaint before the district court dismisses the action with prejudice" (cleaned up)); *see also Gendron v. Connelly*, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023) (finding that a district court did not abuse its discretion in dismissing with prejudice a *pro se* plaintiff's complaint as a shotgun pleading after having given the plaintiff one prior "opportunity to amend her complaint according to the court's specific instructions and with a warning that a failure to do so could result in dismissal"). Thornton may amend his complaint by **May 27, 2025**.

One more thing. Thornton still hasn't filed a civil cover sheet that complies with the Court's directives. *See* Mar. 14, 2025, Paperless Order [EF No. 6] ("Plaintiff's [1] Complaint is not accompanied by a civil cover sheet. Accordingly, Plaintiff is hereby **ORDERED** to complete and file a civil cover sheet, a form of which is available on the Court's website. (www.flsd.uscourts.gov)."); Paperless Order Striking Plaintiff's Notice of Filing [ECF No. 11] ("In accordance with the Court's Order (ECF No. 6) and Southern District of Florida Local Rule 3.3, Plaintiff is instructed to file a civil cover sheet without attachment of impertinent materials. To the extent Plaintiff's filing seeks to amend what the clerk has identified as his Complaint (ECF No. 1), he must do so with a properly labeled filing in accordance with the Federal Rules of Civil Procedure.").

"Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). Rule 41 of the Federal Rules of Civil Procedure also grants courts the authority to dismiss an action because of a plaintiff's failure to comply with court orders. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). If Thornton fails to file a civil cover sheet **by May 27, 2025**, we *will* dismiss his case for failure to comply with our orders.

\* \* \*

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Complaint [ECF No. 1] is **STRICKEN**.
2. The Plaintiff may file an amended complaint by **May 27, 2025**.
3. The Plaintiff shall file a civil cover sheet **by that same date, May 27, 2025**. If he doesn't, we will dismiss his case for failure to comply with our orders.
4. The Clerk of Court is directed to administratively **CLOSE** and **STAY** the case. All pending deadlines (other than the Amended Complaint deadline), hearings, and motions—including the Amended Motion to Add Walmart Inc. [ECF No. 19], Motion to Produce Surveillance Footage [ECF No. 20], and Motion for Restraining Order [ECF No. 21]—are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on May 12, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Damien Thornton, *pro se*